IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA EASTERN DIVISION

| | |
|---|---|
| IOWA ROTOCAST PLASTICS, INC. d/b/a GRIZZLY COOLERS,<br>        Plaintiff,<br><br>        vs.<br><br>FUSE, LLC,<br>         Defendant. | No. 2:26-cv-1019<br><br>COMPLAINT<br>JURY DEMAND |

Plaintiff Iowa Rotocast Plastics, Inc. d/b/a Grizzly Coolers ("Grizzly"), by and through counsel, for its Complaint against Defendant FUSE, LLC ("FUSE" or "Defendant") allege, on knowledge as to its own actions and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 10,514,164 ("the '164 Patent"), and for damages arising from FUSE's unfair competitive conduct.  IRP seeks declarations that it does not infringe any valid claim of the '164 Patent, that the claims of the '164 Patent are invalid, and further seeks an award of damages, attorneys' fees, and such other relief as the Court deems just and proper.

## THE PARTIES

2.      Grizzly is an Iowa corporation with its principal place of business in Decorah, Iowa.

3.      Grizzly designs, manufactures, and sells rotomolded plastic products, including a line of premium insulated hard-sided coolers marketed along with related accessories, including a temperature altering element.

4.      On information and belief, Defendant FUSE, LLC is a limited liability company with its principal place of business in Memphis, Tennessee.

5. FUSE purports to develop and license technology in the field of thermally insulated containers and related products

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Grizzly's declaratory judgment claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. An actual and justiciable controversy exists between the parties as set forth herein.

8. This Court has supplemental jurisdiction over Grizzly's state law claim pursuant to 28 U.S.C. § 1367, as that claim arises from the same nucleus of operative facts as the federal claims.

9. This Court has personal jurisdiction over FUSE because FUSE has purposefully directed its activities at the State of Iowa, including by sending a cease and desist letter via FedEx on or about May 28, 2026, to Grizzly's principal place of business in Decorah, Iowa, threatening patent infringement litigation and demanding that Grizzly cease and desist from manufacturing, using, offering for sale, and selling its products in Iowa and throughout the United States. FUSE's demand letter created an actual and imminent threat of litigation directed at an Iowa resident, constituting purposeful availment of the privileges and protections of Iowa law sufficient to support the exercise of personal jurisdiction.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Grizzly resides and has its principal place of business in this District, and a substantial part of the events giving rise to this action occurred in this District.

## FACTS

11. Grizzly has been in the business of manufacturing rotomolded plastic products for decades, including the manufacture and sale of insulated coolers incorporating opposed interior sidewall channels for decades and predating the patents at issue. *See* Exhibit A.

2

12. Grizzly's prior commercial use of opposed interior sidewall channels for receiving a sliding insert is documented in publicly accessible materials, including, but not limited to, promotional videos and online offers for sale via Grizzly's website in 2014. *See id.*

13. The below image is from Grizzly's website offering for sale a "Grizzly Frozen Divider (75QT)" that was available by or before November 14, 2014. *See also, id* at pp. 26, 29



14. The above image shows a thermally insulated cooler (or container) with opposed interior sidewall channels receiving a sliding insert, which as shown is a temperature altering element, i.e., the Grizzly IceDivider.

15. The '164 Patent, titled "Container Apparatus and Method of Using Same," was issued on December 24, 2019, to inventor Matthew S. Brown, and is assigned to FUSE.

16. The '164 Patent issued from Application No. 16/364,848 filed on March 26, 2019, as a chain of applications most relevantly tracing to U.S. Patent No. 9,568,186, filed September 23, 2015 (the "'186 Patent").

17. The '164 Patent purports to claim a container apparatus comprising: (a) an enclosure with a base and substantially vertical sidewall; (b) a first and second opposed concave channel formed in the interior surface of the sidewall, extending substantially vertically from proximate a top to proximate a bottom of the sidewall; and (c) an insert assembly comprising a temperature altering element, the insert assembly being a substantially flat member received in the two channels,

3

adapted for sliding movement therein, and providing a barrier dividing the interior into two areas. *See id.*

18. On information and belief, FUSE's counsel Stephen S. Ashley, Jr. has confirmed in correspondence dated June 4, 2026, that the opposed channels receiving a temperature altering element were first disclosed in the '186 Patent filed September 23, 2015. *See* Exhibit B.

19. On or about May 28, 2026, FUSE, through its counsel, transmitted a cease-and-desist letter via FedEx to Grizzly at its principal place of business in Decorah, Iowa.

20. A true and correct copy of the May 28, 2026 letter is attached hereto as Exhibit C.

21. The May 28 letter alleged that GRIZZLY's Grizzly 165, Grizzly 100, Grizzly 75, Grizzly 60, Grizzly 45, Grizzly 20, and Grizzly 10 hard coolers, as well as the Grizzly IceDivider accessory, infringe at least claims 1, 2, 3, 5, 6, 7, 13, 14, 15, and 19 of the '164 Patent. *See* Exhibit C.

22. The May 28 letter demanded that Grizzly immediately cease and desist from making, using, offering for sale, selling, and/or importing the identified products, and further demanded that Grizzly provide a full accounting of gross revenues from sales of the accused products. *See id.*

23. The May 28 letter threatened further legal action if the aforementioned demands were not met.

24. The May 28 letter states, "FUSE has addressed similar patent infringement by other parties in the past, which was resolved by the parties entering into a license agreement."

25. The May 28 letter did not disclose, and on information and belief FUSE failed to consider or account for the extensive prior commercial use by Grizzly and its predecessors of the channel-and-insert configuration claimed in the '164 Patent.

26.     FUSE's assertion of the '164 Patent against Grizzly's products, including the demand that Grizzly cease all sales of its Grizzly cooler line, has caused and continues to cause harm to Grizzly, including through interference with Grizzly's business relationships, harm to Grizzly's reputation and commercial standing, and uncertainty affecting Grizzly's business operations and planning.

27.     An actual, immediate, and justiciable controversy exists between Grizzly and FUSE regarding the infringement, validity, and enforceability of the '164 Patent.

## COUNT I:
## DECLARATORY JUDGMENT OF INVALIDITY

28.     Grizzly incorporates by reference the allegations of paragraphs 1 through 27 as if fully set forth herein.

29.     The claims of the '164 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in 35 U.S.C. §§ 102, and/or 103.

30.     The claims of the '164 Patent are invalid under 35 U.S.C. § 102 because the claimed invention was in public use, on sale, and otherwise available to the public before the effective filing date of the claimed invention.

31.     Specifically and without limitation, the following prior art, each predating the controlling priority date of September 23, 2015, teaches or suggests, alone or in combination, the channel-and-insert configuration claimed in the '164 Patent:

> (a) U.S. Design Patent No. D746,343, titled "Ice Pack," filed April 4, 2014 by Floyd E. Mount of Decorah, Iowa, covers the ornamental design of the Grizzly IceDivider and constitutes a public disclosure of the IceDivider seventeen months before FUSE's priority date  (Exhibit A, at p. 25);

> (b) A document titled "ICAST 2014 New Products," prepared by Grizzly Coolers, LLC, bearing a creation and modification date of July 14, 2014 in its native document metadata, describes the Grizzly 75 Frozen Divider as "Released in the spring of 2014," includes a photograph of the Grizzly 75 cooler with the IceDivider inserted in the opposed interior channels, and was published to Grizzly's blog on July 14, 2014, establishing public disclosure and commercial offering at a major industry trade show more than one year before FUSE's priority date (*Id.*, at p. 26);

5

(c) A video titled "Grizzly Coolers - Ice Dividers," published July 20, 2014 by third-party channel CrappieStation, publicly discloses the Grizzly cooler with opposed vertical interior channels and the Grizzly IceDivider being inserted and removed from those channels in sliding movement, with the description "Grizzly Coolers takes it up another level again. We present to you the new Arctic Ice Grizzly Cooler Dividers" (*Id*., at p. 27);

(d) A video titled "The Fishhound Lunch Break: Grizzly 75," published August 25, 2014 by third-party channel Fishhound.com, filmed at ICAST 2014 and identifying IRP in Decorah, Iowa as the manufacturer, publicly discloses the same Grizzly cooler and IceDivider configuration in use (*Id*., at p. 27);

(e) An archived snapshot of the Grizzly Coolers website captured by the Internet Archive's Wayback Machine on October 2, 2014 shows the Grizzly Frozen Divider listed for sale at $49.99 on IRP's Parts and Accessories page, establishing commercial availability nearly twelve months before FUSE's priority date *Id*., at p. 28); and

(f) An archived snapshot of the Grizzly Coolers website captured by the Internet Archive's Wayback Machine on November 1, 2014 shows the Grizzly Frozen Divider listed for sale at $49.99, in stock, on IRP's product listing page, establishing continued commercial availability more than one year before FUSE's priority date *Id*., at p. 29).

32. Each of the prior art references identified in the above subparagraphs predate the September 23, 2015 priority date of the '164 Patent, independently or in combination triggering the on-sale and public use bars of 35 U.S.C. § 102(a)(1).

33. The claims of the '164 Patent are further invalid under 35 U.S.C. § 103 to the extent any individual element of the claimed invention was not anticipated, as the differences between the claimed invention and the prior art as a whole would have been obvious to a person of ordinary skill in the art at the time of the claimed invention.

34. By reason of the foregoing, IRP is entitled to a declaratory judgment that the claims of the '164 Patent are invalid.

6

## COUNT II:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

35. Grizzly incorporates by reference the allegations of paragraphs 1 through 34 as if fully set forth herein.

36. FUSE has asserted that Grizzly's coolers and the Grizzly IceDivider infringe one or more claims of the '164 Patent. *See* Exhibit C.

37. Grizzly denies that any Grizzly cooler or the Grizzly IceDivider infringes any valid and enforceable claim of the '164 Patent, either literally or under the doctrine of equivalents.

38. By reason of the foregoing, Grizzly is entitled to a declaratory judgment that it does not infringe, directly or indirectly, any valid and enforceable claim of the '164 Patent.

## COUNT III:
## UNFAIR COMPETITION

39. Grizzly incorporates by reference the allegations of paragraphs 1 through 38 as if fully set forth herein.

40. FUSE's conduct in asserting patent claims it knew or reasonably should have known were invalid, for the purpose of coercing Grizzly to cease lawful commercial activity or pay royalties on invalid patents, constitutes unfair competition.

41. The prior art establishing the invalidity of the asserted claims of the '164 patent was publicly available, independently verifiable, and accessible to any party conducting a reasonable pre-suit investigation at the time FUSE transmitted its May 28, 2026 demand letter to Grizzly.

42. Specifically, the YouTube videos identified herein are and were publicly accessible on the internet and disclosed every element of the asserted claims with a clear indication that the disclosure occurred more than a year before FUSE's priority date.

43.     The archive captures identified herein, were similarly publicly accessible and established commercial availability of the accused product configuration prior to FUSE's priority date. A reasonable pre-suit investigation would have disclosed this evidence.

44.     FUSE's own demand letter acknowledges that it has asserted similar infringement claims against other parties in the past and resolved those disputes through licensing agreements.

45.     On information and belief, FUSE operates a business model premised on extracting license fees from parties whose legitimate prior commercial activity predates FUSE's patents, without conducting (or despite conducting) a reasonable pre-suit investigation into the validity of the claims being asserted.

46.     On information and belief, FUSE directed its demand at Grizzly's cooler line, which is a core product of Grizzley's business (hence operating as Grizzly *Coolers*), with full knowledge that compliance with its demands would be commercially devastating to Grizzly, and with the purpose of leveraging that commercial pressure to extract a licensing fee or cease-and-desist compliance rather than to vindicate a legitimate patent right.

47.     As a direct and proximate result of FUSE's unfair competitive conduct, Grizzly has suffered and continues to suffer damages including, without limitation, lost business opportunities, harm to customer and business relationships, reputational harm, the diversion of management time and resources to responding to FUSE's improper demands, and the costs of this litigation.

48.     By reason of the foregoing, IRP is entitled to an award of compensatory damages, and, given the willful and deliberate nature of FUSE's conduct, punitive damages in an amount to be determined by the jury at trial.

8

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Iowa Rotocast Plastics, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant FUSE, LLC as follows:

A. A declaration that the claims of U.S. Patent No. 10,514,164 are invalid;

B. A declaration that Grizzly does not infringe, directly or indirectly, any valid and enforceable claim of U.S. Patent No. 10,514,164;

C. A permanent injunction prohibiting FUSE from asserting U.S. Patent No. 10,514,164 against Grizzly or any of its products;

D. An award of IRP's damages caused by FUSE's unfair competition;

E. An award of punitive damages arising from FUSE's willful and deliberate unfair competitive conduct;

F. A finding that this is an exceptional case under 35 U.S.C. § 285 and an award of Grizzly's reasonable attorneys' fees and costs; and

G. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Grizzly hereby demands trial by jury of all issues so triable in this Complaint.

Respectfully submitted,

Dated: June 11, 2026  **ZARLEYCONLEY PLC**

By:  /s/Joshua J. Conley
Joshua J. Conley, AT0011828
John D. Gilbertson, AT0014515
580 Market Street, Suite 101
West Des Moines, IA 50266
Telephone:  (515) 558-0200
Facsimile:  (515) 558-7790
jconley@zarleyconley.com
**ATTORNEYS FOR PLAINTIFF**

9